# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 25-1527, John Doe 1 v. Office of the Direct of National Intelligen |
| **Originating No. & Caption** | 1:25-cv-00300, John Doe 1 v. Office of the Director of National I |
| **Originating Court/Agency** | United States District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC 1292(a)(1) | | |
| Time allowed for filing in Court of Appeals | 05/30/2025 | | |
| Date of entry of order or judgment appealed | 03/31/2025 | | |
| Date notice of appeal or petition for review filed | 05/06/2025 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ○ Yes | ⦿ No |
| If appeal is not from final judgment, why is order appealable? Interlocutory appeal from order granting injunction under 28 USC 1292(a)(1) | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | | |
|---|---|---|---|
| Is settlement being discussed? | | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ◯ No |
| Has transcript been filed in district court? | ◉ Yes | ◯ No |
| Is transcript order attached? | ◯ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ◯ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ◯ No |
| Does case involve question of first impression? | ◯ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ◯ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

The National Security Act provides both the Director of the CIA and the Director of National Intelligence with exceptional discretion to terminate the employment of personnel within their respective agencies. 50 U.S.C. 3036(e)(1), 3024(m)(1); Webster v. Doe, 486 U.S. 603 (1988). After the issuance of Executive Order 14151 mandated the closure of all Diveristy, Equity, and Inclusion (DEI) offices in all federal agencies, the Directors issued determinations that employees within those now-closed offices would placed on adminsitrative leave and provided options for how to effectuate their separation from the agencies, including formal termination. Proceeding under pseudonyms, a group of employees in both agencies brought suit seeking to enjoin the Directors' actions on various grounds. The district court here granted plaintiffs' renewed motion for a preliminary injunction on a subset of plaintiffs claims, concluding that the plaintiffs had demonstrated a substantial likelihood on the merits of their due process claim that the agencies violated an internal regulation that, in the district court's view, established mandatory procedures for separation that the agencies had not complied with. The court thus enjoined the agencies from taking any further action to terminate plaintiffs without following the various appeal and reassignment procedures the district court found applicable, and without further authorization and approval from the court.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

1.  Whether the district court abused its discretion in concluding that plaintiffs demonstrated a substantial likelihood of success on a due process claim predicated on the agencies' alleged failure to follow procedures for terminating employees set forth in internal agency regulations.
2.  Whether the district court abused its discretion in concluding that plaintiffs demonstrated a substantial  likelihood of success on their stigma-plus due process claim where they failed to show that the President's statements about DEI programs would stigamize them or that the agencies would publicly disclose the reasons for their termination or connection to former DEI programs.
3. Whether the district court exceeded its remedial authority by prohibiting the agencies from taking any further action to terminate plaintiffs wihtout following various appeal and reassignment procedures set forth in internal agency regulations and without further authorization from the court.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: John Doe 1-6; Jane Doe 1-5 | Adverse Party: John Doe 1-6; Jane Doe 1-5 |
|---|---|
| Attorney: Kevin Thomas Carroll<br>Address: Fluet & Associates PLLC<br>1751 Suite 1000<br>Tysons, VA 22102 | Attorney:<br>Address: Kiarash Rahnama Moghaddam<br>Fluet & Associations PLLC<br>1751 Pinnacle Drive, Suite 1000<br>Tysons, VA 22102 |
| E-mail: kcarroll@fluet.law | E-mail: krahnama@fluet.law |
| Phone: 703-590-1234 | Phone: 703-590-1234 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Office of the Director of National Intelligence<br><br>Attorney: Jennifer L. Utrecht<br>Address: US Department of Justice<br>950 Pennsylvania Ave NW Room 7710<br>Washington, DC 20530<br><br>E-mail: jennifer.l.utrecht@usdoj.gov<br><br>Phone: 202-353-9039 | Name: Central Intelligence Agency<br><br>Attorney: Jennifer L. Utrecht<br>Address: US Department of Justice<br>950 Pennsylvania Ave NW Room 7710<br>Washington, DC 20530<br><br>E-mail: Jennifer L. Utrecht<br><br>Phone: Jennifer L. Utrecht |
| **Appellant (continued)** ||
| Name: John Ratcliffe, in his official capacity as Director of the Central Intelligence Agency<br><br>Attorney: Jennifer L. Utrecht<br>Address: US Department of Justice<br>950 Pennsylvania Ave NW Room 7710<br>Washington, DC 20530<br><br>E-mail: Jennifer L. Utrecht<br><br>Phone: Jennifer L. Utrecht | Name: Tulsi Gabbard, in her official capacity as Director of National Intelligence<br><br>Attorney: Jennifer L. Utrecht<br>Address: US Department of Justice<br>950 Pennsylvania Ave NW Room 7710<br>Washington, DC 20530<br><br>E-mail: Jennifer L. Utrecht<br><br>Phone: Jennifer L. Utrecht |

**Signature:** /s/ Jennifer L Utrecht     **Date:** 05/23/2025

**Counsel for:** Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Signature:     Date: