U.S. Department of Justice

Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm. 7710
Washington, D.C. 20530-0001

October 20, 2026

VIA CM/ECF

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re: *John Doe 1, et al. v. Office of the Director of National Intelligence, et al.*, No. 25-1527 (4th Cir.)

Dear Ms. Anowi:

Defendant-Appellants submit this letter to inform the Court of a factual development relevant to the pending petition for rehearing en banc. As noted in the petition, the panel majority held that an internal Central Intelligence Agency (CIA) regulation, AR 4-16, confers upon plaintiffs judicially enforceable property rights to internally appeal their terminations and be considered for reassignment at least so long as they have been terminated pursuant to a reduction-in-force. Pet. 12; Op. 20-21. Since the panel's ruling, CIA has revised AR 4-16 on a prospective basis. None of CIA's changes affect the subsection of AR 4-16 regarding the CIA Director's termination authority; the revised regulation continues to place no restrictions on the Director's authority to terminate CIA employees when he deems such termination necessary or advisable in the interests of the United States. CIA's revisions included changes to make clear that employees who are terminated specifically pursuant to an "excess personnel" determination need not be considered for reassignment and have no right to appeal.

Notwithstanding these changes, the government continues to believe that this case still warrants rehearing en banc. CIA's revisions do not

change the fact that the panel majority critically erred in interpreting AR 4-16 to limit the Directors' authority to terminate employees without regard to any procedures listed in the regulation. *See* Pet. 12-14. Likewise, the panel majority's affirmance of an injunction that requires prior court approval before the Directors may terminate plaintiffs' employment continues to be an extraordinary judicial intrusion into personnel matters that Congress committed to the Executive's discretion. *See* Pet. 17-19. Finally, the changes to the reassignment and appeal procedures do not alter the panel's core erroneous holding that a plaintiff can have an independent due process property interest in regulatory procedures wholly separate from any underlying substantive right. As the petition explains, that holding conflicts with Supreme Court precedent, decisions of this Court, and the decisions of other courts of appeals, and establishes precedent for all constitutional due process cases with far-reaching adverse consequences beyond this case. *See* Pet. 13-17.

Sincerely,

CHARLES W. SCARBOROUGH

*/s/ Jennifer L. Utrecht*

JENNIFER L. UTRECHT

*Attorneys, Appellate Staff*
*Civil Division, Room 7710*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, D.C. 20530*

cc (via CM/ECF): Counsel of record

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 28(j). The body of this letter contains 338 words.

*/s/ Jennifer L. Utrecht*
Jennifer L. Utrecht

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jennifer L. Utrecht*
Jennifer L. Utrecht