FILED: November 3, 2026

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1527
(1:25-cv-00300-AJT-LRV)

JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 6; JANE DOE 1; JANE DOE 2; JANE DOE 3; JANE DOE 4; JANE DOE 5

Plaintiffs - Appellees

v.

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; CENTRAL INTELLIGENCE AGENCY; JOHN RATCLIFFE, in his official capacity as Director of the Central Intelligence Agency; WILLIAM PULTE, in his official capacity as Acting Director of National Intelligence

Defendants - Appellants

O R D E R

A member of the Court requested a poll for en banc review, but the poll failed to produce a majority of judges in regular active service and not disqualified who voted in favor of rehearing en banc. Chief Judge Diaz and Judges Wilkinson, King, Gregory, Agee, Wynn, Thacker, Harris, Richardson, Quattlebaum, Rushing, Heytens, Benjamin, and Berner voted to deny rehearing en banc. Judge Niemeyer voted to grant rehearing en banc.

Judge Berner wrote a statement concurring in the denial of rehearing en banc, and Judge Niemeyer wrote a statement dissenting from the denial of rehearing en banc.

Entered at the direction of Judge Berner.

For the Court

/s/ Nwamaka Anowi, Clerk

BERNER, Circuit Judge, concurring in the denial of rehearing *en banc*:

Federal Rule of Appellate Procedure 40 governs petitions for rehearing *en banc*. "Rehearing en banc is not favored and ordinarily will be allowed only if one of the criteria in Rule 40(b)(2)(A)–(D) is met." Fed. R. App. P. 40(c). Because the Petitioners failed to demonstrate that any of enumerated criteria have been met, the court today correctly denies the petition.

This case concerns a constitutional challenge to the failure of the Central Intelligence Agency (CIA) and the Office of the Director of National Intelligence (ODNI), collectively "the Agencies," to follow their own procedures when terminating nineteen career intelligence officers. The Agencies adopted a regulation that sets forth procedures the Agencies is required to follow when terminating employees for non-security-related reasons, Agency Regulation 4-16 (the Termination Regulation). One procedure required that a terminated employee be permitted to meet with an Agency representative to discuss reassignment, and to receive assistance in doing so if the employee is interested in reassignment. Termination Reg. §§ II(B)(9), II(C)(4)(c). Another provided for the availability of an opportunity to appeal a termination decision internally. *Id.* § II(E)(3)–(4). Neither procedure prevented the Agencies from terminating employees. The nineteen career intelligence officers attempted to invoke these two procedures and were not afforded the opportunity to do so.

The panel opinion relies first on *Webster v. Doe*, 486 U.S. 592 (1998), to conclude that the court has jurisdiction over the intelligence officers' constitutional claims that their

due process rights had been violated. It then applies Supreme Court and Fourth Circuit precedent to conclude that the intelligence officers possessed a constitutional entitlement to the specified post-termination procedures for potential reassignment and internal appeal. The opinion affirms that the intelligence officers have no right to continued employment. Finally, it affirms the district court's irreparable harm determination, balancing of the equities and the public interest, and scope of the injunction under an abuse of discretion review.

The panel opinion faithfully adheres to this court's and the Supreme Court's precedents on the entitlement doctrine. It neither contravenes nor expands them. There is no conflict with our sister circuits on this issue. Nor does the case present a question of "exceptional importance" such that *en banc* review is warranted. Although we do not diminish the importance of the case to the nineteen career intelligence officers, the circumstances are virtually certain never to reoccur. The case came before the court after the Agencies terminated the intelligence officers *en masse* as part of a reduction in force, with no allegation that any of them posed a threat to national security, and without complying with the relevant Agencies' procedures. This is the first time the Agencies have exercised their authority in this manner. Moreover, as the Agencies recently advised the court, the Termination Regulation has now been rewritten to eliminate the two procedures at issue in this case when an employee is terminated pursuant to an "excess personnel" determination. Letter re: Informing Court of a Factual Development, *Doe 1 v. Off. of the Dir. of Nat'l Intel.*, No. 25-1527 (4th Cir. Oct. 20, 2026), Dkt. No. 54. This factual

development only underscores that the holding, remedy, and consequences of this case are limited.

Finally, it bears repeating that the panel opinion in no way limits the discretion afforded to the Agencies by statute to terminate their employees. As the panel opinion clearly states, "the question before us is whether the Termination Regulation creates an entitlement to the rights of consideration for reassignment and internal appeal of a termination decision." *Doe 1 v. Off. of the Dir. of Nat'l Intel.*, 180 F.4th 536, 546–47 (4th Cir. 2026). The opinion does not suggest that the Agencies' employees possess a property interest in continued employment. Rather, it affirms that the "Intelligence Officers do not claim a right to continued employment," and that "[i]t is undisputed that no such right exists." *Id.* at 547.

The panel opinion is correct on the law. Regardless of one's views on that question, however, an overwhelming majority of the court rightly concludes that the case does not meet Rule 40's stringent requirements for *en banc* review. I therefore concur in the denial of the petition.

NIEMEYER, Circuit Judge, dissenting from the denial of rehearing en banc:

This case merits an en banc rehearing inasmuch as the case implicates an unprecedented broadening of the scope of judicial authority over totally discretionary Executive decisions to terminate the employment of Executive employees working for our Nation's security agencies.

In response to President Trump's Executive Order No. 14151, directing agencies to close their diversity, equity, and inclusion offices on the ground that they functioned to discriminate, the Director of the CIA, exercising the broad, unreviewable discretion given him by statute, *see* 50 U.S.C. § 3036(e)(1), and confirmed by regulation, *see* AR 4-16(II)(A), terminated the employment of more than 50 CIA employees without cause. Congress conferred that discretion on the CIA Director in the interest of national security, as provided in the National Security Act of 1947. That Act states that the CIA Director has the discretion "[to] terminate the employment of any . . . employee" when the Director "deems" it "necessary or advisable in the interests of the United States." 50 U.S.C. § 3036(e)(1). And the CIA's internal regulation confirms this, providing:

> Agency employees do not have tenure and their employment may be terminated pursuant to the terms of the National Security Act of 1947, as amended, without regard to the procedural requirements of this regulation or any other provisions of law. . . . Notice is hereby given that nothing in this regulation or in any other regulation, document, or law shall be construed as creating for any employee any property or other interests or privileges in his or her employment.

AR 4-16(II)(A).

The Supreme Court has recognized that the statutory language effectively means that courts lack a meaningful standard of review to apply to the CIA Director's employment decisions:

> This standard [as stated in 50 U.S.C. § 3036(e)] fairly exudes deference to the Director, and appears to us *to foreclose the application of any meaningful judicial standard of review*. Short of permitting cross-examination of the Director concerning his views of the Nation's security and whether the discharged employee was inimical to those interests, *we see no basis on which a reviewing court could properly assess an Agency termination decision*.

*Webster v. Doe*, 486 U.S. 592, 600 (1988) (emphasis added).

In short, the CIA Director has virtually unfettered discretion to terminate employees without process or cause — a discretion necessary for the CIA's engagement with sensitive information and for national security.

Nonetheless, nineteen of the employees who were advised that their employment was being terminated commenced this action and sought a preliminary injunction to prohibit their termination. They alleged that they could not be terminated because the CIA had failed to offer them two procedural rights that were set forth in CIA Regulation 4-16 — (1) their right to be considered for placement elsewhere in the agency and (2) their right to appeal the termination decision to the Director. *See* AR 4-16(II)(C)(4), (II)(E). They argued that those procedural rights provided them with *a property interest* in their continued employment that was protected by the Due Process Clause of the Fifth Amendment.

The district court agreed with the employees that they had a property interest in the two procedural rules and preliminarily enjoined the CIA Director "from effectuating or implementing any decision to terminate the [plaintiffs' employment] without further court authorization."

On appeal, this court's panel decision affirmed essentially for the same reasons given by the district court. *See Doe v. Office of the Dir. of Nat'l Intel.*, 180 F.4th 536 (4th Cir. 2026). With our panel decision, we have created an unprecedented property interest in a procedural regulation, even though the CIA Director has the right to terminate employees as an entirely discretionary matter and even though the regulation confirms that, providing explicitly that CIA employees do not have a property interest in their continued employment.

Before our panel decision was handed down, it was well understood in our Circuit that where employee-termination decisions were made with entirely discretionary authority, the employee did not have a property interest in his or her continued employment that was protected by the Due Process Clause. To identify a substantive property interest for purposes of the Due Process Clause, a plaintiff had to point to a statute or regulation that created for him an "*entitlement* to the benefit" at stake, and the statute or regulation had to "act to limit meaningfully the discretion of the decision-makers" to confer the benefit. *Smith v. Ashcroft*, 295 F.3d 425, 429–30 (4th Cir. 2002) (cleaned up); *see also Bd. of Regents v. Roth*, 408 U.S. 564, 570–71 (1972); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Indeed, the Supreme Court has pointed out that procedures themselves

do not create substantive property rights. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *see also Hewitt v. Helms*, 459 U.S. 460, 472 (1983). Thus, where the underlying benefit — in this case, continued employment — remains within the CIA Director's discretion, there could be no property interest protected by the Due Process Clause.

The panel decision, however, now changes all this and, in doing so, unacceptably intrudes into the discretionary powers of the Executive. Not only do we now grossly expand the scope of substantive Due Process rights, but we also unapologetically compromise the separation of powers.

For these reasons, I submit that this case is an important one that will have much broader effects than the immediate employment decisions with respect to the nineteen plaintiffs. Accordingly, I conclude that rehearing en banc is appropriate and should be granted.